# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO A. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00827-AWI-JLT (PC)<br><br>**ORDER REMANDING ACTION TO KERN COUNTY SUPERIOR COURT**<br><br>(Doc. 6) |

Plaintiff, Deno A. Jones, is a state prisoner proceeding *pro se* in this matter. On June 12, 2019, Defendant removed the action to this Court from Kern County Superior Court. (Doc. 1.) Plaintiff filed objections thereto on July 8, 2019. (Doc 4.) Plaintiff states that he is pursuing state tort claims, not a claim under 42 U.S.C. § 1983. Plaintiff's objections were construed as a motion to remand and Defendants were ordered to submit an opposition or a statement of non-opposition. (Doc. 6.) On August 22, 2018, Defendants filed a statement of non-opposition. (Doc. 9.) Defendants explained that they construed the term "deliberate indifference" as meaning the Plaintiff was pursuing a § 1983 claim. See id. However, with Plaintiff's clarification in his request to remand that he is only pursuing state tort claims, Defendants do not oppose remand. See id.

The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts. Id. "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of

1

remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566.  "If at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 789 n.2 (9th Cir. 2018).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary," Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997), so district courts "must remand if [they] lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

Here, Plaintiff's complaint was somewhat ambiguous as to the nature of his claims. However, Plaintiff's objection clarifies that ambiguity by explaining that § 1983 claims are not pled.  Thus, there is no federal question jurisdiction and no basis for removal.  Because there is no federal question jurisdiction, this Court lacks subject matter jurisdiction and must remand this matter.  See 28 U.S.C. § 1447(c); Kelton Arms, 346 F.3d at 1192; Bruns, 122 F.3d at 1257.

## **ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Kern County Superior Court; and
2. The Clerk of the Court is directed to forward a copy of this order to the Office of the Clerk of the Kern County Superior Court.

IT IS SO ORDERED.

Dated:   August 30, 2019                        _____
                                                 SENIOR DISTRICT JUDGE